Battle, J.
 

 The facts of this case occurred before the Revised Code went into operation, and it depends upon the proper construction of the 33rd and 35th sections of the 104th chapter of the Revised Statutes. The former of these sections prescribes the manner in which a person, settled upon or cultivating land, may, under certain circumstances, have a cart or wagon-way laid out, and kept open over another’s land; and the latter declares, that when so laid out, it “ shall be free for the passage of any person or persons to pass.”
 

 The counsel for the plaintiff contends that, when the cart, or wagon-way is opened under the provisions of this act, the public acquires such an interest in the use of it, that the landowner, at whose instance it was laid out, cannot close it, even though he acquires, by purchase, or descent, the land over which it passes. Of this opinion was his Honor in the Court below ; but upon a full consderation of the object of the act, and the various provisions by which that object is sought to be accomplished, we feel ourselves constrained to dissent from it.
 

 The purpose which the Legislature had in view is obvious. It was to give to certain persons, settled upon, or cultivating, land, who had no convenient way to or from such land, except by passing over the lands of other persons, the means of travelling to and from market and other places with their
 
 *269
 
 carts and wagons. It is manifest that this purpose would not be fully accomplished without giving to others, besides the owner of the dominant tenenient, the right of passing over the cart, or wagon-way. lie might wish to buy as well as sell, and to be visited as well as to visit, and he would often be put to serious inconvenience if other, persons could not come to his land with their vehicles, without being guilty of a trespass by passing over the servient tenement. Hence the necessity of the provision, that the cart, or wagon-way “ shall be free for the passage of any person, or'persons.” It was to the interest of the owner of the dominant tenement that it should be so, and we are bound to suppose that it was his interest alone which the law-makers had mainly, if not altogether, in view; because the way was to be opened, and kept open, at his sole expense ; his hands not even being, in consequence thereof, exempted from working on the public roads.
 

 If, after the cart or wagon-way was thus opened, he should, by any means, acquire the title to the servient lands, his right to use the way, under the statute, would merge in his superior light of using his own land as he pleased. Such would undoubtedly be the case if he had acquired the right of way by grant, or prescription, (3 Cruise Dig. Tit. Ways, sec. 24
 
 ; Whalley
 
 v.
 
 Thompson,
 
 1 Bos. and Pul. 371,) and we can see nothing in the policy of the statute to prevent the application of the same well-known principle to a right of way acquired under its provisions. If so, the right of the public, which was merely incidental to his, would b^ lost with it. And it is clearly proper that it should be so, else the public would have had, under the lievised Statutes, a more permanent interest in a private cart-way, than they had in a public road. The latter might, by the first section of the Act, be altered or discontinued, but there was no such provision for the former, though that is now remedied by the 38th section of the corresponding (101st) chapter of the Eevised Code. These considerations lead us to the conclusion that, where the defendant acquired the lands over which Ms cart or wagon-way passed, the right to it was extinguished and gone, not only as to
 
 *270
 
 him, but as to all other persons, and that, therefore, the plaintiff had no canse of action against him for obstructing it. The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed.